719 F.2d 1063
 4 Employee Benefits Ca 2361
 John R. PECKHAM and W.T. Woolum, Plaintiffs-Appellees,
v.
BOARD OF TRUSTEES OF the INTERNATIONAL BROTHERHOOD OF
PAINTERS AND ALLIED TRADES UNION AND INDUSTRY
NATIONAL PENSION FUND, Defendant-Appellant.
 No. 82-1640.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 24, 1983.
Rehearing Granted Dec. 16, 1983.
 
 Roger Albright of Mullinax, Wells, Baab & Cloutman, Dallas, Tex., for defendant-appellant.
 Daniel J. Gamino of Henderson & Gamino, Oklahoma City, Okl., for plaintiffs-appellees.
 Before SETH, Chief Judge, and LOGAN and SEYMOUR, Circuit Judges.
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 10(e). This cause is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order entered after the remand this Court directed in Peckham v. Board of Trustees of the International Brotherhood of Painters and Allied Trades Union and Industry National Pension Fund, 653 F.2d 424 (10th Cir.1981). In that case we held that John R. Peckham and W.T. Woolum were not entitled to retirement benefits from this multiemployer pension fund because they were self-employed individuals. However, since Peckham and Woolum had made contributions to the pension fund on their own behalf, we ordered the district court to consider on remand whether they were entitled to recover the contributions. We also directed the district court to consider whether either party was entitled to attorney's fees under 29 U.S.C. Sec. 1132(g)(1) or state law. Thereafter, the district court directed the pension fund to return all contributions made after January 1, 1975, by Peckham and Woolum on their own behalf, together with interest, and ruled that each side should bear its own attorney's fees and costs. The board of trustees of the pension fund seeks to overturn these rulings.
 
 
 3
 Resolution of the restitution issue depends upon the applicability and meaning of Employee Retirement Income Security Act (ERISA) amendments enacted on September 26, 1980. ERISA, effective for contributions made after January 1, 1975, preempts all state law concerning employment benefits. 29 U.S.C. Sec. 1144(a). Before September 26, 1980, 29 U.S.C. Sec. 1103(c)(2)(A) permitted a pension plan to return contributions made by an employer under a mistake of fact within one year after payment of the contributions. For purposes of this opinion we assume that had Congress not changed the law, restitution of payments made by Peckham and Woolum would not have been permitted; most courts would have characterized the payments as made under a mistake of law rather than a mistake of fact. See, e.g., Martin v. Hamil, 608 F.2d 725, 729 (7th Cir.1979).
 
 
 4
 On September 26, 1980, Congress amended Sec. 1103(c)(2)(A) to read, in pertinent part, as follows:
 
 
 5
 "(2)(A) In the case of a contribution ...
 
 
 6
 (i) made by an employer to a plan (other than a multiemployer plan) by a mistake of fact, paragraph (1) shall not prohibit the return of such contribution to the employer within one year after the payment of the contribution, and
 
 
 7
 (ii) made by an employer to a multiemployer plan by a mistake of fact or law ..., paragraph (1) shall not prohibit the return of such contribution or payment to the employer within 6 months after the plan administrator determines that the contribution was made by such a mistake."
 
 
 8
 Further, the following subsection of that amendment provides,
 
 
 9
 "The amendment made by this section ... shall take effect on January 1, 1975, except that in the case of contributions received by a collectively bargained plan maintained by more than one employer before the date of enactment of this Act [Sept. 26, 1980], any determination by the plan administrator that any such contribution was made by mistake of fact or law before such date shall be deemed to have been made on such date of enactment."
 
 
 10
 Pub.L. No. 96-364, Sec. 410(c), 94 Stat. 1208, 1308 (1980). These provisions clearly indicate that the trustees of a multiemployer plan may return contributions made by employers under a mistake of fact or law within six months after the plan administrator determines that the contributions were mistakenly made. In the instant case, since the plan administrator made that determination after January 1, 1975, but before September 26, 1980, the determination is deemed to have been made on September 26, 1980. This construction is supported fully by the legislative history. Joint Explanation of S. 1076: Multiemployer Pension Plan Amendments Act of 1980, 126 Cong.Rec. S10130 (July 29, 1980).
 
 
 11
 The defendant board argues that the 1980 changes do not apply retroactively to an administrator's determination made before the September 26 enactment date. That argument contravenes not only the words of the statute, but also its legislative history.[1]
 
 
 12
 The board also argues that Peckham and Woolum did not specifically seek restitution within six months of September 26, 1980. But on September 26, 1980, plaintiffs were engaged in litigation to determine their rights under the pension plan. Surely, they intended to pursue any legal rights they had, including rights Congress granted them during the course of the litigation. We so construed their request for relief in our earlier opinion when we remanded this case to the district court for the express purpose of determining the plaintiffs' rights to recover contributions they had made under the mistaken belief that they were covered under the plan.
 
 
 13
 The board claims that the "shall not prohibit" language of Sec. 1103(c)(2)(A) requires the return of the mistakenly paid contributions only at the discretion of the trustees. They assert that the district court's decision erroneously treated the refund as an entitlement right of these plaintiffs. We agree with the board that the amendments to Sec. 1103 do not establish entitlement to restitution under all circumstances and that the trustees are required to make an initial determination on refund requests. The trustees' action is conclusive unless arbitrary or capricious, not supported by substantial evidence, or erroneous on a question of law. See Peckham, 653 F.2d at 426. Nevertheless, we uphold the district court's order of restitution on grounds that it would be an abuse of the trustees' discretion to deny the refunds under the circumstances of this case. The record contains no evidence that the pension fund would be underfunded if the trustees returned plaintiffs' contributions. The contributions were made pursuant to a money purchase rather than a fixed benefit plan concept because employers apparently contributed a certain amount per hour of work by each participant. The trustees complain that a refund will diminish the plan's assets but neglect to mention the corresponding decrease in the fund's liabilities because the individuals for whom these contributions were made will not be entitled to pensions. Under the circumstances, the fund clearly would be unjustly enriched if it retained these monies.
 
 
 14
 As an alternative argument the board asserts that the language of Sec. 1103(c)(2)(A) permits the trustees to follow their prior practices that would deny a return of these contributions. The board points to a notice on the monthly remittance forms it sent to employers that refund requests for erroneous contributions would be honored only for twelve months preceding the date the request is received by the trustees. Even if this notice is entitled to be treated as a provision of the pension plan, nothing in the record indicates that the board applied the twelve-month rule consistently. The board did offer to return to Peckham only the contributions he made during a twelve-month period, but those contributions included all that were made for his own account after January 1, 1975, and before his retirement. When Woolum applied for a pension the board offered to return all contributions he had made over a period of several years.
 
 
 15
 The most difficult question in this case is whether the trustees must pay interest on all amounts erroneously contributed by plaintiffs after January 1, 1975. The 1980 amendments indicate that a plan administrator's determination before September 26, 1980, that a contribution was made by a mistake of fact or law is deemed to have been a determination made on September 26, 1980. However, this statement does not mean that a mistaken contribution is deemed to have been made on the September 26 date. The fund had the use of Peckham's and Woolum's money after it was paid in, without any corresponding obligation to pay them pension benefits. General principles of restitution require the pension fund to pay interest. Douthwaite, Attorney's Guide to Restitution 326 (1977). Thus, we affirm the district court's determination on the interest obligation.
 
 
 16
 Finally, with respect to attorney's fees and costs, the district court concluded that in effect neither side achieved a total victory. Peckham and Woolum asked for their full pensions but only received restitution of their contributions since January 1, 1975. The board, on the other hand, fought the pensions and the award of restitution, but lost their argument against restitution. The court determined that both sides should bear their own attorney's fees and costs. This result is consistent with the exercise of the court's discretion under 29 U.S.C. Sec. 1132 and with the five-pronged test enunciated by this Court in Eaves v. Penn, 587 F.2d 453 (10th Cir.1978).
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 The Joint Explanation of S. 1076: Multiemployer Pension Plan Amendments Act of 1980 declares
 "The bill provision is retroactive with respect to its application to multiemployer plans. For such plans the date the plan administrator determines that the contribution resulted from a mistake of law or fact is deemed the later of (1) the date of the actual determination, or (2) the date of enactment."
 
 
 [126]
 Cong.Rec. S10130 (July 29, 1980)