Violet J. GUTHRIE, Plaintiff,

v.

HEWLETT–PACKARD COMPANY EM-
PLOYEE BENEFITS ORGANIZA-
TION, and Hewlett–Packard Company
Employee Benefits Organization In-
come Protection Plan, Defendants.

Civ. A. No. 90–S–2055.

United States District Court,
D. Colorado.

Oct. 1, 1991.

Mark Korb, Ft. Collins, Colo., for plaintiff.

Gregory Kerwin, Denver, Colo., Joseph Busch, III, Newport Beach, Cal., for defendants.

## ORDER

SPARR, District Judge.

Plaintiff brought this action under 29 U.S.C. § 1132(a)(1)(B) after the Defendants denied her claim for long-term disability benefits under the Hewlett–Packard Company Employee Benefits Organization Income Protection Plan (the Plan) on December 16, 1988. This matter comes before the court on: (1) Defendants' Motion for Summary Judgment on Plaintiff's First Amended Complaint; and (2) Plaintiff's Counter–Motion for Summary Judgment on her First Amended Complaint. The court has reviewed the motions, responses, and replies, the entire file, the argument by counsel in open court, the applicable law, and is fully advised in the premises.

A. Standard of Review

A denial of benefits challenged under 29 U.S.C. § 1132(a)(1)(B) is to be reviewed *de novo* unless the benefit plan vests discretion in the plan administrator or claims processor to determine eligibility for benefits or to construe the terms of the plan. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 956, 103 L.Ed.2d 80 (1989). If the plan fiduciaries are entitled to exercise such discretion, judicial review of the challenged denial of benefits is limited to a determination of whether the decision is arbitrary or capricious. *Naugle v. O'Connell,* 833 F.2d 1391, 1393 (10th Cir.1987); *Peckham v. Bd. of Trustees of the Int'l Bhd. of Painters and Allied Trades Union,* 653 F.2d 424, 426 (10th Cir.1981).

The Plan in this case vests discretion in the Claims Administrator to determine Total Disability on the basis of objective medical evidence (Defendants' Exhibit 1(A) p. 7), to administer the review of denied claims (Defendants' Exhibit 1(A) p. 27), and to construe the language of the Plan (Defendants' Exhibit 1(A) p. 28). Despite the Plaintiff's argument that the Claims Administrator serves in a merely ministerial position, the court concludes that the Plan delegates to the Claims Administrator the power to exercise discretionary authority. Therefore, under *Firestone,* 489 U.S. at 115, 109 S.Ct. at 956, judicial review of the denial of Plaintiff's claim must be upheld unless: (1) arbitrary and capricious, (2) not supported by sub-

stantial evidence, or (3) erroneous on a question of law. *Pratt v. Petroleum Prod. Mngmt. Employee Sav. Plan*, 920 F.2d 651, 657 (10th Cir.1990).

■ A decision is neither arbitrary nor capricious if it is based on substantial evidence and is not the result of a mistake of law, *Naugle*, 833 F.2d at 1393–94, or, in other words, if it is a reasonable interpretation of plan's terms and was made in good faith, *Torix v. Ball Corp.*, 862 F.2d 1428, 1429 (10th Cir.1988), or is rational in light of the plan's provisions. *Miller*, 925 F.2d at 984.

**B. The Motion and the Counter–Motion for Summary Judgment**

The standard for ruling on summary judgment motions is set forth in Federal Rule of Civil Procedure 56(c). Fed.R.Civ.P. 56 provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegation or denial of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party.

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Metz v. United States*, 933 F.2d 802, 804 (10th Cir.1991), *petition for cert. filed* (Aug. 12, 1991) (No. 91–260); *Lucas v. Mountain States Telephone & Telegraph*, 909 F.2d 419, 420 (10th Cir. 1990); *Martin v. Board of County Com'rs of Pueblo County*, 909 F.2d 402, 404 (10th Cir.1990).

■ The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing that is sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The non-movant must go beyond the pleadings and come forward with specific facts showing a genuine issue for trial. *Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Tillett v. Lujan*, 931 F.2d 636, 639 (10th Cir.1991). The mere existence of some alleged factual dispute will not defeat a properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–49, 106 S.Ct. 2505, 2509–11, 91 L.Ed.2d 202 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510; *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir.1991), *petition for cert. filed*, (April 23, 1991) (No. 91–7864); *Merrick v. Northern Natural Gas Co.*, 911 F.2d 426, 429 (10th Cir.1990). In reviewing a motion for summary judgment, the court must view the evidence and any possible inferences in the light most favorable to the party opposing summary judgment. *Merrick*, 911 F.2d at 429; *McKenzie v. Mercy Hospital*, 854 F.2d 365, 367 (10th Cir.1988).

■ 1. Plaintiff argues that the denial of her claim was arbitrary and capricious for several reasons. First, Plaintiff argues that Defendants were arbitrary and capricious in their initial review of the medical evidence and in their December 16, 1988 determination that Plaintiff was not totally disabled within the terms of the Plan.

Plaintiff applied for benefits for long-term "Total Disability," as defined in the Plan (Defendants' Exhibit 1(A) pp. 6–7):

> "Totally Disabled" and "Total Disability" mean that because of injury or sickness:

> (i) During the first thirty-nine (39) weeks following the onset of the injury of sickness, the Member is continuously unable to perform each and every duty of his or her Usual Occupation; and

> (ii) After the initial thirty-nine (39) week period, the Member is continuously unable to perform any occupation for which he or she is or may become qualified by

reason of his or her education, training or experience.

The determination of "Total Disability" must be made by the Claims Administrator on the basis of "objective medical evidence." Plaintiff contends that the Defendants' interpretation of the term "total disability" was unduly restrictive and contrary to the intent of ERISA.

Plaintiff's application for long-term Total Disability benefits was accompanied by her Attending Physician's Statement of Disability dated October 25, 1988. Dr. Bush indicated that Plaintiff was totally disabled from her present job, but not totally disabled from any other work (Defendants' Exhibit 2(D) p. EQC–38). Based upon this information, the Plan denied Plaintiff's claim for long-term disability benefits, stating that "The medical evidence does not indicate total disability" (Defendants' Exhibit 2(D) p. EQC–32). The Plan noted that it was willing to review any additional evidence the Plaintiff might wish to submit in support of her claim (Defendants' Exhibit 2(D) p. EQC–32). Such additional evidence was required to be submitted in writing within 60 days of receipt of the December 16, 1988 letter (Defendants' Exhibit 2(D) p. EQC–33).

▮ The courts have no authority to decide what benefits employers must confer on their employees—these are decisions which are more appropriately influenced by forces in the marketplace and, when appropriate, by federal legislation. *Musto v. American General Corp.*, 861 F.2d 897, 911 (6th Cir.1988), *cert. denied*, 490 U.S. 1020, 109 S.Ct. 1745, 104 L.Ed.2d 182 (1989), *quoting Moore v. Reynolds Metals Co. Retirement Program*, 740 F.2d 454, 458 (6th Cir.1984), *cert. denied*, 469 U.S. 1109, 105 S.Ct. 786, 83 L.Ed.2d 780 (1985). When reviewing a denial of benefits under ERISA, the court may consider only the evidence available to the claims administrator at the time the final decision was made. *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir.1991); *Perry v. Simplicity Engineering*, 900 F.2d 963, 966 (6th Cir.1990); *Voliva v. Seafarers Pension Plan*, 858 F.2d 195, 196 (4th Cir.1988). Un-

der the circumstances of this case, the Plan's interpretation of "Total Disability" was not unduly restrictive or contrary to the intent of ERISA. The statement from Plaintiff's physician indicates that she was able to perform other types of work. In light of the objective medical evidence before the Plan at the time of the decision, the Plan was not arbitrary or capricious in determining that Plaintiff was not entitled to further disability benefits under a fair reading of the Plan. The court cannot conclude that the Plan was arbitrary and capricious in the initial review and December 16, 1988 denial of Plaintiff's claim.

▮ 2. Second, Plaintiff argues that the Defendants' December 12, 1989 decision affirming the December 16, 1988 denial was arbitrary and capricious because Defendants did not accept the letter prepared by Plaintiff's counsel and signed by Dr. Bush as "credible, contemporaneous, medical evidence" and because Defendants did not afford her a full and fair review of the initial denial of long-term disability benefits.

Plaintiff submitted two additional documents to the Plan approximately one year after her claim was denied. Although these documents were not submitted within the 60–day review period established by the Plan, the Plan reviewed the documents, concluding that they did not constitute objective medical evidence that would establish that the Plaintiff was entitled to long-term disability benefits.

One of the documents was an "edited" version of the Social Security Administration's May 26, 1989 decision concerning Plaintiff's claim for Social Security disability benefits. Plaintiff has conceded that it was reasonable for the Plan to disregard this document.

The second document was a letter dated November 27, 1989, drafted by Plaintiff's counsel, and signed by Dr. Bush, which stated that Plaintiff "should be deemed to have been disabled for purposes of the long-term disability plan which is offered by your company since the fall of 1988" (Defendants' Exhibit 2(D) pp. EQC–25–26). Plaintiff argues that the Plan was not justi-

fied in concluding that Dr. Bush's November 27, 1989 letter was not "credible, contemporaneous, medical evidence." (See Defendants' Exhibit 2 p. 4).

There is no evidence that Plaintiff submitted to an additional examination by Dr. Bush with regard to the November 27, 1989 letter drafted by Plaintiff's counsel and signed by Dr. Bush. The letter does not explain why the prognosis for the Plaintiff is inconsistent with her previous prognosis in October of 1988. Based upon the nature and timing of the additional letter from Dr. Bush and the Attending Physician Statement that had previously established facts contrary to the Plaintiff's claim, the court concludes that it was not arbitrary and capricious for the Plan to affirm its denial of benefits to the Plaintiff.

■ 3. Finally, Plaintiff argues that the December 16, 1988 denial of benefits (Defendants' Exhibit 2(D) pp. EQC–32–33) failed to comply with the requirements of 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503–1(f) that certain information be contained in the written notice. Plaintiff also argues that the December 12, 1989 affirmation of the denial of benefits (Defendants' Exhibit 2(D) p. EQC–23) was not "a full and fair review" pursuant to § 1133.

(a) 29 U.S.C. § 1133 provides:

**Claims procedure**

In accordance with regulations of the Secretary, every employee benefit plan shall—

(1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and

(2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

In addition, substantial compliance with 29 C.F.R. § 2560.503(1)(f)(1) through (4) is necessary to meet the requirements of § 1133. *Sage v. Automation, Inc. Pension Plan and Trust*, 845 F.2d 885, 892–93

(10th Cir.1988). 29 C.F.R. § 2560.503(1)(f) provides:

(f) **Content of notice.** A plan administrator or, if paragraph (c) of this section is applicable, the insurance company, insurance service, or other similar organization, shall provide to every claimant who is denied a claim for benefits written notice setting forth in a manner calculated to be understood by the claimant:

(1) The specific reason or reasons for the denial;

(2) Specific reference to pertinent plan provisions on which the denial is based;

(3) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; and

(4) Appropriate information as to the steps to be taken if the participant or beneficiary wishes to submit his or her claim for review.

In applying the statute and the regulation to the facts of this case, the court concludes that the December 16, 1988 denial letter substantially complied with the requirements of ERISA. The letter specifically stated the reason for the denial, quoted the plan provisions regarding total disability, indicated the Plan's willingness to review *any* additional evidence Plaintiff wished to submit, and explained the procedure for obtaining additional review within 60 days. (Defendants' Exhibit 2(D) pp. EQC–32–33). *See Madden v. ITT Long Term Disability Plan*, 914 F.2d 1279, 1286 (9th Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 964, 112 L.Ed.2d 1051 (1991); *Graham v. Federal Express Corp.*, 725 F.Supp. 429, 436 (W.D.Ark.1989).

In addition, Plaintiff presents no evidence that she was prejudiced by any deficiencies in the notice of denial. When an alleged procedural error has not prejudiced the claimant, reversal is not required. *Sage*, 845 F.2d at 895.

■ (b) A full and fair review means "knowing what evidence the decision-maker relied upon, having an opportunity to address the accuracy and reliability of the

evidence, and having the decision-maker consider the evidence presented by both parties prior to reaching and rendering" his or her decision. *Sage*, 845 F.2d at 893–94, quoting *Grossmuller v. Int'l. Union Auto. Aerospace & Agric. Implement Workers of Am., Local 813*, 715 F.2d 853, 858 n. 5 (3rd Cir.1983).

█ Here, the Plaintiff knew what evidence the Plan relied upon. She had an opportunity to address the accuracy of the evidence. In fact, the Plan reviewed the additional evidence that she submitted long after the 60–day deadline had passed. The evidence shows that the Plan considered all the evidence the Plaintiff submitted, even when it was untimely.

The evidence submitted and the applicable law lead the court to the only conclusion that the Plan's denial of Plaintiff's claim was supported by a sufficient amount of evidence and was not arbitrary or capricious. Accordingly, IT IS ORDERED:

1. The Defendants' Motion for Summary Judgment on Plaintiff's First Amended Complaint is GRANTED.

2. Plaintiff's Counter–Motion for Summary Judgment on her First Amended Complaint is DENIED.

3. This civil action is DISMISSED.