956 F.2d 278
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Janice L. SKINNER, Plaintiff-Appellant,
v.
The ADMINISTRATIVE COMMITTEE OF THE W.R. GRACE & CO. LONG
TERM DISABILITY INCOME PLAN, Defendant-Appellee.
 No. 91-6224.
 United States Court of Appeals, Tenth Circuit.
 Feb. 6, 1992.
 
 Before LOGAN and BARRETT, Circuit Judges, and PATRICK F. KELLY,* District Judge.
 ORDER AND JUDGMENT**
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals from a district court order granting summary judgment in favor of Defendant on Plaintiff's claim under the Employee Retirement Income Security Act (ERISA). The district court upheld Defendant's decision to cancel Plaintiff's permanent disability benefits under her former employer's Long Term Disability Income Plan (Plan). We affirm.
 
 
 3
 This court reviews the grant of a motion for summary judgment in the light most favorable to the nonmovant. Boren v. Southwestern Bell Tel. Co., 933 F.2d 891, 892 (10th Cir.1991). It is the duty of the appellate court " 'to examine the record to determine if any genuine issue of material fact was in dispute; if not, the court must determine if the substantive law was correctly applied.' " Id. (quoting Osgood v. State Farm Mut. Auto. Ins. Co., 848 F.2d 141, 143 (10th Cir.1988)). Because we conclude that Plaintiff has failed to demonstrate a genuine issue of material fact, see Fed.R.Civ.P. 56, we find it unnecessary to address Defendant's argument that the district court may resolve issues of material fact on summary judgment where the case was set for a nonjury trial.
 
 
 4
 Plaintiff was a participant in the Plan, pursuant to her employment by W.R. Grace & Co. as a line operator from 1977 to 1981. In 1981, she filed a claim for disability benefits based on a degenerative knee condition and an acute back strain. Plaintiff qualified for and received disability benefits under the Plan from 1981 until March of 1990. In February, 1990, Defendant adopted the recommendation of the Plan's claim administrator, Mercer Meidinger Hansen, Inc. (Mercer), that Plaintiff's disability benefits terminate because she was not disabled as defined by the Plan.[1] Mercer's recommendation was based on: (1) the denial of Plaintiff's application for social security disability income because she was capable of sedentary work; (2) the results of a vocational assessment of Plaintiff which identified several sedentary occupations for which she was qualified; and (3) Plaintiff's physician's written opinion that she could perform nine sedentary jobs. On February 22, 1990, Mercer notified Plaintiff by letter that her benefits would terminate as of March 31, 1990. Plaintiff appealed to Defendant; the appeal was denied. Plaintiff then filed her complaint in federal court alleging termination of her benefits in violation of ERISA. The district court granted summary judgment in favor of Defendant.
 
 
 5
 On appeal, Plaintiff first contends that the claims procedures of the Plan were inadequate because she did not receive notice of the March 1, 1991 decision to terminate benefits. Instead, she received only the letter dated February 22, 1990, recommending that her benefits terminate. Plaintiff further alleges that a question of fact exists as to when the decision was made to terminate her disability benefits. She asserts that the decision was made March 1, 1990, instead of February 22, 1990, and as a result, she did not receive the full sixty days to supply additional evidence relative to her appeal, as provided by the Plan.
 
 
 6
 Claims procedures are set forth in 29 U.S.C. § 1133[2] and 29 C.F.R. § 2560.503-1(f).[3] Defendant was required to notify Plaintiff of its decision to terminate her disability benefits, the reasons for doing so, the Plan provisions on which the decision was based, any additional information necessary to perfect the claim, and how to appeal the decision.
 
 
 7
 The uncontroverted evidence is that the decision to terminate Plaintiff's benefits was made by Defendant on February 20, 1990. Appellee's Supplemental App. at 327, 351. Mercer's February 22, 1990 letter to Plaintiff informed her:
 
 
 8
 It has been recommended that your [Plan] benefits terminate effective March 31, 1990 because you are not totally disabled for any occupation for which you would qualify, a requirement for [Plan] benefit eligibility. On or about March 31, 1990, you may expect to receive a final check for $1,128.00. The check will be sent to W.R. Grace & Co. for forwarding to you.
 
 
 9
 Appellant's App. at 8. The letter then set forth the Plan's definition of "total disability." Plaintiff was also informed of the several jobs identified by the vocational rehabilitation specialist for which Plaintiff would qualify, and of her physician's opinion that she could do any of the listed jobs. Lastly, the letter informed Plaintiff of her rights to appeal the recommendation to terminate her benefits. Appellant's App. at 8-8(a).
 
 
 10
 We conclude that the February 22, 1990 notice substantially complied with the requirements of § 2560.503-1(f) and apprised Plaintiff that her benefits would cease on March 31, 1990. Plaintiff has, therefore, failed to establish a genuine issue of material fact in support of her argument that the claims procedure employed by Defendant was inadequate.
 
 
 11
 Plaintiff next contends that she did not receive a full and fair review of Defendant's decision to cancel her disability benefits. A reasonable opportunity for the full and fair review required by 29 U.S.C. § 1133(2) means " 'knowing what evidence the decision-maker relied upon, having an opportunity to address the accuracy and reliability of the evidence, and having the decision-maker consider the evidence presented by both parties prior to reaching and rendering his decision.' " Sage v. Automation, Inc. Pension Plan & Trust, 845 F.2d 885, 893-94 (10th Cir.1988) (quoting Grossmuller v. International Union, United Auto., Aerospace & Agric. Implement Workers of Am., 715 F.2d 853, 858 n. 5 (3d Cir.1983)). "The decisions of the plan representatives to deny benefits will be upheld unless such decisions are '(1) arbitrary and capricious, (2) not supported by substantial evidence, or (3) erroneous on a question of law.' " Id. at 895 (quoting Peckham v. Board of Trustees of Int'l Bhd. of Painters & Allied Trades Union, 653 F.2d 424, 426 (10th Cir.1981)).
 
 
 12
 Here, the Plan provides that "[t]he determination of the Administrative Committee as to any disputed question shall be conclusive." Appellee's Supplemental App. at 36. Consequently, we conclude that Defendant had the authority and the discretion to decide questions of plan interpretation. Therefore, the arbitrary and capricious standard of review is applied to Defendant's decisions. See Pratt v. Petroleum Prod. Management Inc. Employee Sav. Plan & Trust, 920 F.2d 651, 658 (10th Cir.1990); see also Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989) ("[A] denial of benefits ... is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan."). Our review of the trial court's legal determinations is plenary. Pratt, 920 F.2d at 658.
 
 
 13
 Plaintiff maintains that she did not receive a full and fair review on appeal because: (1) she was requested to supply additional evidence from only her doctor, (2) the Plan document does not provide for an independent review on appeal since it fails to name a fiduciary for review purposes, in violation of 29 U.S.C. § 1133, and (3) Plaintiff was never informed of the evidence on which Defendant relied in denying her appeal.
 
 
 14
 The notice that Plaintiff's benefits had been terminated did not prohibit the submission of evidence other than that from her doctor. Appellant's App. at 8-8(a). Even if it did, Plaintiff cites no authority requiring reversal based on the notice requesting additional evidence from her doctor only. Plaintiff did not attempt to submit evidence other than her doctor's report, and she does not allege the existence of other evidence to establish her disability.
 
 
 15
 Likewise, her claim that the Plan fails to name a fiduciary for review purposes, pursuant to § 1133(2), is not supported by the record. The Plan itself, as well as the Plan summary given to the employee, identifies Defendant as the reviewing entity. Appellee's Supplemental App. at 36, 341. Furthermore, Plaintiff properly filed her appeal with Defendant. Plaintiff cites no authority for her argument that because Defendant reviewed its own initial decision to terminate her benefits, the decision on appeal is necessarily arbitrary and capricious. We decline to adopt such a rule. See Brown v. Retirement Comm. of Briggs & Stratton Retirement Plan, 797 F.2d 521, 534-35 (7th Cir.1986) (committee's review of its own denial of benefits did not mean that claimant was denied a full and fair review), cert. denied, 479 U.S. 1094 (1987).
 
 
 16
 Plaintiff asserts that because she was not informed of Dr. William Morris' opinion of her condition, it was improper for Defendant to consider it. After the initial decision to terminate Plaintiff's benefits, Plaintiff's regular physician, Dr. Cates, referred her to orthopedic specialist Dr. Morris. Defendant then requested Plaintiff to furnish a report from Dr. Morris "detailing his findings and conclusions." Appellee's Supplemental App. at 329. The documentation provided to Mercer consisted only of Dr. Morris' notes, prompting Defendant to telephone Dr. Morris in April of 1990 to obtain his professional opinion whether Plaintiff could perform sedentary work. Plaintiff does not allege that she could have rebutted the evidence. She alleges no prejudice from not having been apprised of Dr. Morris' opinion. Therefore, we determine that Defendant's failure to apprise Plaintiff of one portion of the evidence, Dr. Morris' report, does not require reversal. Cf. Sage, 845 F.2d at 895 (where appellant was not prejudiced, reversal not required even where claims procedure was deficient).
 
 
 17
 Plaintiff also asserts that Defendant's decision to terminate her disability benefits was arbitrary and capricious because: (1) Defendant incorrectly weighed the opinions of Plaintiff's treating physician, and (2) Defendant did not determine that the jobs Plaintiff was able to perform would provide her a reasonably substantial income. "An administrator's decision is not arbitrary or capricious if it is a reasonable interpretation of the plan's terms and was made in good faith." Torix v. Ball Corp., 862 F.2d 1428, 1429 (10th Cir.1988).
 
 
 18
 Defendant based its initial decision to terminate Plaintiff's disability benefits in part on Dr. Cates' written opinion dated January 16, 1990, that Plaintiff was capable of nine sedentary occupations. On February 28, 1990, Dr. Cates submitted another written opinion stating that Plaintiff was disabled. Plaintiff has failed to demonstrate that Defendant incorrectly weighed the two medical opinions submitted by Dr. Cates.
 
 
 19
 Plaintiff's argument that Defendant had an affirmative duty to ensure that she had sufficient income from the identified occupations places the entire burden on Defendant to establish that she was able "to follow [an] occupation from which [she could] earn a reasonably substantial income rising to the dignity of an income or livelihood...." See id. at 1431. That burden, however, is on Plaintiff. Id. Drawing all reasonable inferences in Plaintiff's favor, we determine that she has failed to meet her burden to establish a genuine issue of material fact to support her claim that she is physically unable to perform sedentary jobs to earn a reasonable living.
 
 
 20
 We reject Plaintiff's final contention that Defendant acted arbitrarily and capriciously by making its initial decision to deny benefits without the benefit of the evidence presented in the administrative appeal. Plaintiff argues that "[t]he evidence was not supplied to the committee responsible for the decision until April 27, 1990." Appellant's Br. at 16. On the contrary, the record reflects that when it issued its initial decision in February 1990, Defendant had all of the evidence except Dr. Morris' report and Dr. Cates' report dated February 28, 1990. Accordingly, Plaintiff has failed to demonstrate the existence of a genuine issue of material fact to support her claim that Defendant acted arbitrarily and capriciously when it terminated her disability benefits.
 
 
 21
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Patrick F. Kelly, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The Plan pays benefits for a disability defined in Section 3 of the Plan documents as follows:
 
 
 [2]
 The term Totally Disabled or Total Disability means the complete inability of a Covered Employee to engage in any and every duty pertaining to any occupation or employment for wage or profit for which the Covered Employee is or becomes reasonably qualified by training, education or experience, except that during the Qualifying Disability Period plus the first twenty-four months of absence from work due to disability thereafter, the Covered Employee shall be deemed Totally Disabled while he is unable to perform any and every duty pertaining to his occupation and is not engaged in any occupation or employment for wage or profit
 
 
 [3]
 The Qualifying Disability Period shall be six consecutive months of Total Disability
 Appellee's Supplemental App. at 24. The Plan provides for two distinct disability periods: (1) the first thirty months during which a covered employee must be unable to perform her job at W.R. Grace & Co., and (2) thereafter, the covered employee must be unable to perform any occupation for which she reasonably becomes qualified. The latter disability standard applies here.
 
 
 [2]
 In accordance with regulations of the Secretary, every employee benefit plan shall--
 (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and
 (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.
 29 U.S.C. § 1133.
 
 
 [3]
 Content of notice. A plan administrator or, if paragraph (c) of this section is applicable, the insurance company, insurance service, or other similar organization, shall provide to every claimant who is denied a claim for benefits written notice setting forth in a manner calculated to be understood by the claimant:
 (1) The specific reason or reasons for the denial;
 (2) Specific reference to pertinent plan provisions on which the denial is based;
 (3) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; and
 (4) Appropriate information as to the steps to be taken if the participant or beneficiary wishes to submit his or her claim for review.
 
 
 [29]
 C.F.R. § 2560.503-1(f)