**Merlin DOWNIE, Plaintiff–Appellant,**

v.

**INDEPENDENT DRIVERS ASSO-CIATION PENSION PLAN, Defendant–Appellee.**

**No. 90-1119.**

United States Court of Appeals, Tenth Circuit.

Oct. 2, 1991.

lates to previous telephone conversations. See, I didn't know that number when this evinced."
III R. 28–29.

**1172**

Timothy J. Parsons and David B. Seserman of Gorsuch, Kirgis, Campbell, Walker and Grover, Denver, Colo., on the briefs, for plaintiff-appellant.

James C. Ruh of Jensen Byrne Parsons Ruh & Tilton P.C., Denver, Colo., on the briefs, for defendant-appellee.

Before MOORE, SETH and ANDERSON, Circuit Judges.

## ORDER ON RESPONSE TO REMAND

JOHN P. MOORE, Circuit Judge.

This matter is now before us upon the district court's response to our order of remand. The parties have filed with us their briefs upon the findings and conclusion expressed in the district court's response. Upon the modifications to its judgment as set forth in the response, we now affirm.

■ It was our sense upon remand that to the extent Mr. Downie was required by the district court's judgment to reimburse the Plan, he should also be entitled to restoration of all pension credits which had been revoked or to which he had been deprived prior to the institution of this action. We were unsure that the district court's judgment satisfied that purpose; therefore, we remanded for clarification. We agree with the district court that it is equitable to treat the parties as though Mr. Downie had not taken early retirement. We are now satisfied that the district court's equitable remedy is fashioned to fully carry out that purpose.

■ The district court set forth its findings and conclusions upon the denial of Mr. Downie's request for attorney fees. Mr. Downie objects to those findings and conclusions by parsing each and arguing that individually they do not provide a basis for denying his request.

The decision to award or deny attorney fees under ERISA is discretionary with the district court, 29 U.S.C. § 1132(g), *Pratt v. Petroleum Prod. Management, Inc, Employee Sav. Plan & Trust,* 920 F.2d 651, 658 (10th Cir.1990); *Gordon v. United States Steel Corp.,* 724 F.2d 106, 108 (10th Cir.1983). "To hold that the district court abused its discretion, we must have a definite conviction that the court, upon weighing relevant factors, clearly erred in its judgment," *Gordon,* 724 F.2d at 108.

This court has sent out mixed signals to district judges in setting fees under ERISA. *Compare May v. Interstate Moving & Storage Co.,* 739 F.2d 521, 525 (10th Cir.1984), and *Eaves v. Penn,* 587 F.2d 453, 465 (10th Cir.1978). The district court in this case chose to follow the suggestions contained in *Eaves,* and we cannot fault that choice. In *Gordon,* however, we attempted to lay to rest argument over the proper standards. We stated:

> The *Eaves* criteria is an effective means of providing the guidance needed by district courts to exercise their discretion under section 1132(g)(1). Thus, we hold that when determining whether to award attorney's fees under section 1132(g)(1), the district court should consider these factors among others: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to personally satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA;

and (5) the relative merits of the parties' positions. 724 F.2d at 109. Recognizing the test is still rather open-ended because of our addition of "among others" to the *Eaves* factors, we nonetheless see nothing in the district court's analysis which leaves us with the definite conviction it clearly erred in denying fees to Mr. Downie.

AFFIRMED.