11 F.3d 1567
 Sue Ann RADEMACHER and Richard L. Rademacher, Plaintiffs-Appellees,
v.
COLORADO ASSOCIATION OF SOIL CONSERVATION DISTRICTS MEDICAL
BENEFIT PLAN, a Colorado corporation; named in original
complaint as: Colorado Association Soil Conservation
Districts; Associated Health Care Administrators, Inc.,
Defendants-Appellants.
 No. 93-1026.
 United States Court of Appeals,
Tenth Circuit.
 Dec. 29, 1993.
 
 Jennifer L. Motycka, Longmont, CO, for plaintiffs-appellees.
 Timothy J. Parsons, David B. Seserman, Dean C. Heizer, of Gorsuch, Kirgis, Campbell, Walker and Grover, Denver, CO, for defendants-appellants.
 Before SEYMOUR and EBEL, Circuit Judges, and THOMPSON,* District Judge.
 EBEL, Circuit Judge.
 
 
 1
 Defendants appeal from the district court's grant of summary judgment to plaintiffs in their suit for damages and payment of certain medical costs under an ERISA benefit plan. The underlying facts of this case are undisputed.[1] Sue Ann Rademacher went into premature labor with twins. The labor was not life-threatening to her, but was life-threatening to the fetuses. Because the local hospital could not provide the neonatal care that would be required for the premature twins, Ms. Rademacher was flown by helicopter to a regional hospital. She delivered the twins, one by natural birth, the other by cesarean section. Ms. Rademacher was a covered dependant under the Colorado Association of Soil Conservation Districts Medical Benefit Plan (the Plan), which was administered by Associated Health Care Administrators, Inc. (AHCAI), formerly Colorado Health Care Administrators, Inc. Defendants paid the maximum maternity benefit for cesarean birth, but denied payment of an additional benefit amount for the natural birth, and denied payment for the cost of the helicopter transfer. Plaintiffs sued the Plan and its administrator for the denied benefits, extracontractual and punitive damages, attorney's fees, and interest.
 
 
 2
 The exclusive remedy for a denial of benefits under a qualified ERISA plan is pursuant to 29 U.S.C. Sec. 1132. Winchester v. Prudential Life Ins. Co., 975 F.2d 1479, 1483 (10th Cir.1992). On cross motions for summary judgment, plaintiffs agreed that this statute does not provide for extracontractual or punitive damages. The district court subsequently granted summary judgment to plaintiffs on their claim for the denied benefits, together with interest and reasonable attorney's fees. Defendants' motion to alter or amend the judgment, pursuant to Fed.R.Civ.P. 59, was denied.
 
 
 3
 Defendants argue on appeal that the district court erred in 1) overturning defendants' denial of plan benefits as arbitrary and capricious, 2) entering judgment for the medical benefits against the plan administrator, AHCAI, and in failing to alter or amend that judgment, and 3) awarding attorney's fees without an adequate factual basis. We affirm in part and reverse in part.
 
 
 4
 1. Denial of Plan Benefits.
 
 
 5
 We review the grant of summary judgment on defendants' denial of medical benefits de novo, applying the same standard as the district court. See Eaton v. Jarvis Prods. Corp., 965 F.2d 922, 925 (10th Cir.1992). Here, the district court held, and the parties apparently agree, that judicial review of the defendants' interpretation of the Plan is limited. Because the Plan gives AHCAI discretionary authority to determine eligibility for benefits and construe the terms of the Plan, the denial of benefits in this case can be overturned only if the denial was arbitrary or capricious. See Sandoval v. Aetna Life & Casualty Ins. Co., 967 F.2d 377, 380 (10th Cir.1992) (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 109-11, 109 S.Ct. 948, 953-55, 103 L.Ed.2d 80 (1989)); Winchester, 975 F.2d at 1483.
 
 
 6
 a. Maternity Expense Benefit.
 
 
 7
 The Maternity Expense Benefit provision of the Plan states:
 
 
 8
 When The Company receives proof that a Covered Spouse incurred any of the charges described in (1) and (2) below in connection with her Pregnancy including resulting childbirth or miscarriage, it will pay the amount of such charges up to the maximum as set forth in the Schedule of Benefits.
 
 
 9
 1. The fee charged by a Physician for obstetrical procedures, including pre and postnatal care, and
 
 
 10
 2. The charges incurred in connection with Hospital Confinement for which Room and Board charge was made by the Hospital....
 
 
 11
 Appellant's App. at 20. The Schedule of Benefits states:
 
 Maternity Expense Benefit:
 
 12
 $1,500.00 Maximum Benefit Normal Delivery
 
 
 13
 $2,500.00 Maximum Benefit Cesarean Section
 
 
 14
 Id. Defendants paid the higher of the two, the maximum benefit for cesarean delivery, based on their interpretation of the Plan as providing for one maximum maternity benefit per pregnancy. Plaintiffs contend that they should receive two maximum amount benefits, one for each birth. The district court agreed, noting that, "the plain provisions of the Plan do not restrict payment of benefits to only one birth per pregnancy." Id. at 247-48.
 
 
 15
 The question is whether the defendants' interpretation of the Plan is arbitrary and capricious. An interpretation is arbitrary and capricious if it is lacking in substantial evidence or contrary to law. Sandoval, 967 F.2d at 380 n. 4. An interpretation will be upheld under this standard if it is reasonable and made in good faith. Torix v. Ball Corp., 862 F.2d 1428, 1429 (10th Cir.1988). We conclude that defendants' per-pregnancy interpretation is reasonable. The Plan language refers to benefits payable "in connection with her Pregnancy," and outlines a scheme by which a specified maximum benefit amount is to be paid.[2]
 
 
 16
 We recognize that plaintiffs incurred costs for both natural and cesarean births and that the Plan does not specifically state that only one type of delivery will be covered. Nonetheless, defendants' per-pregnancy interpretation is made no less reasonable by the unusual facts of this case. The district court commented that "[t]he Defendants' interpretation would, perhaps, be more reasonable had Mrs. Rademacher given birth to both babies by natural childbirth or both by Caesarean section." Appellant's App. at 248. Plaintiffs do not contend, however, that, had both the Rademacher twins been delivered in the same manner, they should have received a maximum maternity benefit amount for each birth. This extension of the district court's analysis illustrates the reasonableness of the defendants' interpretation of the Plan as providing a single maximum payment per pregnancy.
 
 
 17
 The dissent observes that the Maternity Expense Benefit provides coverage for "any of the charges described in [sub-sections] (1) and (2)," including charges for "obstetrical procedures," id. at 20, and argues that, because the Plan contemplates covering multiple procedures, it cannot reasonably be interpreted to limit coverage to one maximum benefit amount. We recognize that even a single birth may involve multiple procedures for which the Plan would provide coverage. Nonetheless, coverage of multiple procedures does not override the language in the Maternity Expense Benefit Clause providing payment for charges "in connection with her Pregnancy" and limiting such payment to "the maximum as set forth in the Schedule of Benefits." The Plan can be reasonably interpreted to provide only one maximum benefit payment per pregnancy.
 
 
 18
 We disagree with the district court's contention that defendants' per-pregnancy interpretation of this provision "is tantamount to arbitrarily adding new conditions to the Plan." Id. Indeed, the plaintiff's interpretation effectively adds a new condition to the Plan, i.e., that the Plan contemplates paying a maximum maternity benefit amount for each birth. No language of the Plan supports a per-birth interpretation of this provision. We reverse on this issue, holding that defendants' denial of an additional maternity expense benefit under the terms of the Plan was reasonable, and, therefore, was not arbitrary or capricious. See Woolsey v. Marion Lab., Inc., 934 F.2d 1452, 1460 (10th Cir.1991) (administrator's decision having any reasonable basis will be upheld; it need not be only logical or even best decision).
 
 
 19
 b. Helicopter Transport Expense.
 
 
 20
 Plaintiffs sought payment of the helicopter transport expense pursuant to two different Plan provisions. The Hospital Expense Benefit covers necessary transport, including air transport, for covered persons and covered dependents "if there is a life threatening situation." Appellant's App. at 16. Alternatively, the Major Medical Expense Benefit provides for transport of covered persons and covered dependents, including air transport "in case of emergency." Id. at 21. Defendants argue that their denial of this benefit was a reasonable interpretation of the Plan because Ms. Rademacher's premature labor was not life-threatening to her, and because the twins were not covered dependents under the Plan until their births. The district court analyzed both provisions and concluded that the denial was unreasonable under either provision. Because we hold the denial of this benefit was not reasonable under the terms of the Major Medical Expense Benefit, we do not address the parties' arguments about the Hospital Expense Benefit.[3]
 
 
 21
 The Major Medical Expense Benefit does not require that a covered individual's life be threatened before air transport will be covered. It requires only that there be an emergency. We agree with defendants that it is a reasonable interpretation of the Plan that the twins were not covered dependents until their births. Nonetheless, we conclude that it is unreasonable to deny this benefit on that basis. Premature labor with twins in a facility that cannot provide neonatal care constitutes an emergency, both to the mother and the unborn fetuses. The Plan provides maternity benefits, including prenatal care, presumably towards the desired goal of the safe birth of a healthy child or children. It is inherently unreasonable to interpret the Major Medical Expense Benefit, and the Plan as a whole, to deny a benefit which would insure the viability of the twin's lives, once born. We affirm the district court's decision on this issue.
 
 
 22
 2. AHCAI's Defense.
 
 
 23
 After the district court had entered judgment against both defendants, defendants moved to alter the judgment, contending that, as a matter of law pursuant to 29 U.S.C. Sec. 1132(d)(2), judgment could not be entered against AHCAI, the Plan administrator. The district court denied the motion, concluding that defendants' failure to plead that defense before the entry of summary judgment constituted waiver. The district court did not rule on the merits of the defense, and defendants reurge the issue on appeal. Plaintiffs do not controvert defendants' legal argument, but contend that the district court was correct in denying the motion as an untimely attempt to raise the defense.
 
 
 24
 First, we reject defendants' arguments that they did raise and argue this defense before the entry of summary judgment. Defendants characterize judgment against AHCAI as an award of "extracontractual damages," which damages the parties have agreed are not proper under ERISA. Defendants then state that the issue of extracontractual damages "was fully briefed to the District Court." Appellant's Br. at 25. This argument is a mischaracterization of the record. The record evidences briefing on whether plaintiffs could, pursuant to Sec. 1132, seek damages outside of the unpaid medical benefits and attorney's fees. Regardless of the proper characterization of an award against AHCAI in light of ERISA, at no time in discussing "extracontractual damages" did defendants present the argument they now assert: that the judgment is improper as against AHCAI because damages of any kind against a plan administrator are not available under the applicable provisions of ERISA.
 
 
 25
 Defendants also argue, in their reply brief, that they did not waive this issue because they asserted failure to state a claim under Fed.R.Civ.P. 12(b)(6) as an affirmative defense in their answer to plaintiffs' complaint. A naked assertion that a plaintiff's complaint fails to state a claim will not, by itself, excuse a defendant's failure to timely present and argue available defenses to the district court. See Miller v. Cudahy Co., 858 F.2d 1449, 1460 (10th Cir.1988), cert. denied, 492 U.S. 926, 109 S.Ct. 3265, 106 L.Ed.2d 610 (1989). Points raised but not argued below ordinarily will not be considered on appeal. See Cavic v. Pioneer Astro Indus., Inc., 825 F.2d 1421, 1425 (10th Cir.1987).
 
 
 26
 Defendants contend that, even if they did fail to raise the issue, it cannot be waived because plaintiffs are not entitled to a judgment against AHCAI as a matter of law. Plaintiffs characterize the defense as a statutory exemption which, they claim, can be waived. The parties also differ in their statements as to the applicable standard of review. Defendants suggest that this court's review of the defense is plenary, as a question of law. Plaintiffs contend that the court lacks jurisdiction to consider the defense for the first time on appeal. Neither statement is correct.
 
 
 27
 First, appellate courts have discretion to hear matters not raised or argued below. See Colorado Interstate Corp. v. CIT Group/Equip. Fin., Inc., 993 F.2d 743, 751, 753 (10th Cir.1993). However, this court will do so only in "the most unusual circumstances." Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 721 (10th Cir.1993); Hicks v. Gates Rubber Co., 928 F.2d 966, 970 (10th Cir.1991). Those circumstances may include issues regarding jurisdiction and sovereign immunity, Daigle v. Shell Oil Co., 972 F.2d 1527, 1539 (10th Cir.1992), and instances where public interest is implicated, FDIC v. Ferguson, 982 F.2d 404, 407 (10th Cir.1991), or where manifest injustice would result, Hicks, 928 F.2d at 970. The general rule, however, is that "[t]he failure to raise the issue with the trial court precludes review except for the most manifest error." Id.
 
 
 28
 Defendants argue that this court should consider the defense because it is purely a matter of law, and because ERISA's broad preemption clause expresses a compelling policy to apply ERISA uniformly. We conclude that this case does not present clear error such that we would exercise our discretion to consider the defense.[4]
 
 
 29
 In this case, the defense was raised to the district court in defendants' Rule 59 motion. Accordingly, we also defer to the district court's denial of that motion. We review the district court's ruling under an abuse of discretion standard. See Committee for First Amendment v. Campbell, 962 F.2d 1517, 1523 (10th Cir.1992). Based on our conclusion that this case does not implicate a discretionary exception to the general rule, we conclude that the district court's denial of defendants' motion was not an abuse of its discretion.
 
 
 30
 3. Attorney's Fees Award.
 
 
 31
 Finally, defendants contend that the district court's award of attorney's fees was legal error because the court failed to list specific findings in support of such an award. The decision to award attorney's fees in this case was within the district court's discretion. See 29 U.S.C. Sec. 1132(g)(1); Downie v. Independent Drivers Ass'n Pension Plan, 945 F.2d 1171, 1172 (10th Cir.1991). We review for abuse of that discretion, i.e., whether the district court clearly erred in awarding fees. Id. (citing Gordon v. United States Steel Corp., 724 F.2d 106, 108 (10th Cir.1983)).
 
 
 32
 Case precedent required the district court to consider certain factors in determining whether an award of fees was appropriate here. See Downie, 945 F.2d at 1172-73. The district court's order lists those factors, expressly states that the factors were considered together with the parties' arguments, and makes specific rulings as to some of the factors.[5] We conclude there was no clear error in the district court's award.
 
 
 33
 The judgment of the United States District Court for the District of Colorado is AFFIRMED in part, REVERSED in part, and REMANDED for an award of damages and fees to plaintiffs consistent with this opinion.
 
 
 34
 SEYMOUR, Circuit Judge, dissenting in part.
 
 
 35
 After reviewing the relevant Plan provisions, I regret that I am unable to agree with the majority's conclusion in section 1.a. regarding maternity expense benefits, although I agree fully with the rest of the majority opinion.
 
 
 36
 This court held in Torix v. Ball Corp., 862 F.2d 1428, 1429 (10th Cir.1988), that a Plan administrator's decision is arbitrary and capricious if it does not represent a reasonable interpretation of the Plan's terms. We concluded that the denial of benefits there was unreasonable because it was based on an unduly restrictive interpretation that severely undermined the policy concerns underlying ERISA. In my judgment, not only is defendants' interpretation here unduly restrictive, the plain language of the Plan simply does not permit defendants' construction of it. Accordingly, I agree with the district court that defendants' interpretation is unreasonable, and therefore arbitrary and capricious under Torix.
 
 
 37
 The Maternity Expense Benefit provision in the Plan states that it will pay "any of the charges described in (1) and (2) ... up to the maximum as set forth in the Schedule of Benefits." Section (1) in turn provides that the Plan will pay the "fee charged by a Physician for obstetrical procedures [plural]," and section (2) states that the Plan will pay the "charge made by the Hospital for Room and Board and all other services for medical care and treatment." These provisions on their face state that the costs of multiple services and procedures will be paid up to the maximum set out in the Schedule of Benefits. Although that Schedule sets a maximum benefit for each of two different procedures, it does not state that only one of these procedures will be covered per pregnancy.
 
 
 38
 The analogy to the birth of twins by the same birth method is not helpful because the policy clearly limits the total payment when there is one birth method, regardless of the number of babies delivered. Moreover, delivering two children by the same method would certainly be far less costly than having to use two different procedures. In view of the Plan language covering multiple services and procedures and the lack of any language restricting that coverage, I cannot agree that defendants' interpretation is reasonable. I would therefore affirm the district court on this issue.
 
 
 
 *
 Honorable Ralph G. Thompson, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 Webster's Third New International Dictionary (unabridged, 1976) defines "pregnant" as "containing unborn young within the body." Neither party contends that more than one pregnancy is involved in this case
 
 
 [3]
 Accordingly, we also do not address defendants' argument that it is reasonable to interpret "a life threatening situation" and "in case of emergency" similarly
 
 
 [4]
 Because we decline to consider the defense on appeal, we do not reach defendants' arguments distinguishing 29 U.S.C. Sec. 1132(d)(2) from outright exemption from suit by statute
 
 
 [5]
 In light of the district court's discussion on this issue, defendants' contention that "the District Court failed to set forth any of its findings relevant to the award of attorneys' fees" essentially misstates the record