**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 16 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DEBRA BREWSTER,

      Plaintiff-Appellant,

v.

COOLEY ASSOCIATES /
COUNSELING AND CONSULTING
SERVICES, LTD.; STANDARD
INSURANCE COMPANY,

      Defendant-Appellee.

No. 98-2226
(D.C. No. CIV-97-1596-JP)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **BRORBY** , **EBEL** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Debra Brewster appeals the district court's award of summary

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

judgment in favor of defendants on her claim that they violated her rights under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001-1461 (ERISA). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

During her employment by defendant Cooley Associates, plaintiff was a participant in a group long term disability insurance plan (Plan). Defendant Cooley was the Plan administrator. Plaintiff and Cooley paid premiums to defendant Standard Insurance Co., who provided the annuity funding source for the Plan and was a Plan administrator and fiduciary. In 1992, while employed by Cooley, plaintiff sustained injuries to her back. She applied for and received long-term disability benefits under the Plan from January 2, 1992, until November 15, 1994. Standard then informed plaintiff that her disability benefits would cease because her physicians had reported that her physical condition had improved to the point that she was no longer disabled under the Plan. Standard later determined that she    was eligible for additional disability benefits for a maximum of two additional years, based on a mental disorder. Plaintiff claimed that the two-year time limit on her disability benefits violated the Plan.

Plaintiff filed suit against these defendants on June 20, 1996, seeking a preliminary and permanent injunction to enjoin defendants from discontinuing her ERISA benefits.    See Brewster v. Cooley Assoc./Counseling & Consulting Servs., Ltd.  , No. 96-0888 (D.N.M. Dec. 2, 1996) (    Brewster I ). The district court,

addressing the merits with the consent of the parties, denied plaintiff's request for an injunction because she did not meet the criteria for injunctive relief and held that plaintiff was entitled to a review of her claim by the Plan administrator. Plaintiff did not appeal Brewster I. On January 16, 1997, plaintiff filed another suit against defendants, claiming they had violated the Americans with Disabilities Act by restricting her disability benefits to two years. See Brewster v. Cooley Assoc./Counseling & Consulting Servs., Ltd., No. 97-0058 (D.N.M. Nov. 6, 1997) (Brewster II). The district court granted summary judgment to defendants on the merits. Plaintiff did not appeal Brewster II. Plaintiff then filed the instant action on December 16, 1977, (Brewster III), alleging that defendants violated her ERISA rights because they failed and refused to provide a review of her claim by the Plan administrator and they breached their fiduciary duties. Applying the doctrine of res judicata, the district court granted summary judgment to defendants, based on its determination that plaintiff could have included the ERISA claims raised here in her earlier litigation.

The following four elements must be met to invoke res judicata: "(1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior suit." Nwosun v. General Mills Restaurants, Inc., 124 F.3d 1255, 1257

(10th Cir. 1997), cert. denied, 118 S. Ct. 1396 (1998).  Plaintiff maintains that res judicata does not apply because neither Brewster I nor Brewster II included her ERISA claims brought in Brewster III and she has not had a full and fair opportunity to litigate those claims.

Plaintiff argues on appeal that she could not have filed Brewster III until she had exhausted her administrative remedies available through the Plan and that she had exhausted those remedies when it became apparent that further efforts to pursue Plan-provided remedies would be futile.  "ERISA contains no explicit exhaustion requirement although we have observed 'exhaustion of administrative (i.e., company- or plan-provided) remedies is an implicit prerequisite to seeking judicial relief.'"  McGraw v. Prudential Ins. Co. of Am., 137 F.3d 1253, 1263 (10th Cir. 1998) (quoting Held v. Manufacturers Hanover Leasing Corp., 912 F.2d 1197, 1206 (10th Cir. 1990)).

Plaintiff failed to raise the issue of exhaustion of administrative remedies to the district court.  Generally, this court will not consider an issue on appeal that was not raised below.  See Rademacher v. Colorado Ass'n of Soil Conservation Dists. Med. Benefits Plan, 11 F.3d 1567, 1572 (10th Cir. 1993).  We will not consider a new theory "that falls under the same general category as an argument presented at trial or . . . a theory that was discussed in a vague and ambiguous way" at trial.  Bancamerica Commercial Corp. v. Mosher Steel of

-4-

Kan., Inc. , 100 F.3d 792, 798-99 (10th Cir.) (quotation omitted), opinion amended

on other grounds , 103 F.3d 80 (10th Cir. 1996). The "general waiver rule is not

absolute, however, and we may depart from [it] in our discretion, particularly

when we are presented with a strictly legal question, the proper resolution of

which is beyond doubt or when manifest injustice would otherwise result."

Sussman v. Patterson , 108 F.3d 1206, 1210 (10th Cir. 1997) (quotation omitted).

In addressing whether a plaintiff has exhausted administrative remedies,

a district court has discretion to abandon exhaustion "under two limited

circumstances: first, when resort to administrative remedies would be futile;

or, second, when the remedy provided is inadequate." McGraw , 137 F.3d at 1263.

By failing to raise her exhaustion argument to the district court, plaintiff did not

afford that court an opportunity to exercise its discretion to determine whether

and when she had exhausted her administrative remedies. Similarly, the district

court was not requested to resolve the underlying fact issues, such as the

remedies, if any, provided by the Plan and whether resort to those remedies would

be futile. The existence of unresolved facts precludes this court from exercising

discretion to address this issue for the first time on appeal, even if there were

reasons to do so. Accordingly, summary judgment was appropriate because

plaintiff "fail[ed] to make a showing sufficient to establish the existence of an

element essential to [her] case, and on which [she would] bear the burden of proof

at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Plaintiff also argues that the district court erred in denying her request to amend her complaint "seeking relief from judgments entered in [ Brewster I and Brewster II ]." Appellant's App. at 354 (Motion for Leave to File Second Amended Complaint). Plaintiff has not demonstrated that the district court abused its discretion in denying the motion. See Bauchman ex rel. Bauchman v. West High Sch. , 132 F.3d 542, 559 (10th Cir. 1997) (district court's decision to deny motion to amend as futile reviewed for abuse of discretion), cert. denied , 118 S. Ct. 2370 (1998). Therefore, she has not established reversible error.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge