**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 16 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ERYCK C. ASTON,

Defendant-Appellant.

No. 97-4171
(D.C. No. 97-CV-127-B)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **BRISCOE** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Petitioner Eryck C. Aston appeals from the district court's denial of his motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 2255. Petitioner was convicted after pleading guilty to a single charge of illegal possession of a firearm, and is now on probation following incarceration. We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253. Under the provisions of the Antiterrorism and Effective Death Penalty Act, petitioner must obtain a certificate of appealability before his appeal can proceed. *See* 28 U.S.C. § 2253(c)(1)(B). Petitioner must demonstrate "a substantial showing of the denial of a constitutional right" before a certificate of appealability can issue. *See id.* § 2253(c)(2).

In his § 2255 motion, petitioner claimed that 1) his conviction violated double jeopardy, 2) he was denied effective assistance of counsel both at trial and on direct appeal, 3) his conviction was based on evidence from an unconstitutional search and seizure and a coerced guilty plea, 4) he was illegally denied a prison transfer, and 5) his sentence was based on improper hearsay evidence. After a limited remand to develop the record, the district court denied petitioner's § 2255 motion. It concluded that he had not demonstrated prejudice to support his claims of ineffective assistance of counsel, *see Strickland v. Washington*, 466 U.S. 668, 687 (1984), and dismissed the balance of his claims on the bases of procedural bar, res judicata, and mootness.

On appeal from the district court's ruling, petitioner has filed no less than twelve pleadings. These pleadings reurge the issues raised before the district

court, discuss many issues and matters not before the court in this case, and seek additional relief of various kinds. To the extent that petitioner argues issues not raised before the district court, we decline to consider those points. *See Rademacher v. Colorado Ass'n of Soil Conservation Dists. Medical Benefits Plan* , 11 F.3d 1567, 1571 (10th Cir. 1993). To the extent that petitioner's arguments can be construed as motions for additional or alternative relief, any outstanding motions are DENIED. As to the issues raised to and addressed by the district court, after review of petitioner's many pleadings, we conclude that he has not demonstrated the denial of a constitutional right. Accordingly, we DENY petitioner a certificate of appealability and DISMISS this appeal. The mandate shall issue forthwith.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-3-