**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 8 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BIOGENICS, INC., a Utah
corporation,

       Plaintiff-Counter-Claim-
       Defendant-Appellee,

v.

GAIUS KAZEN, an individual;
DONNA KAZEN, an individual; THE
POPULAR ASSEMBLY OF
SOVEREIGN KAZENS, also known
as P.A.S.K., an artificial business
entity,

       Defendants-Counter-
       Claimants-Appellants,

and

UNITED STATES OF AMERICA, a
sovereign, Additional adverse claimant
to Interpleaded Res,

       Defendant.

No. 99-4146
(D.C. No. 96-CV-892-B)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Biogenics, Inc., referred to in these proceedings as E'ola, filed suit against defendants Gaius Kazen, Donna Kazen and The Popular Assembly of Sovereign Kazens, also known as P.A.S.K. Defendants filed counterclaims against plaintiff. The United States was brought into the suit by interpleader because it claims an interest in monies owed from plaintiff to defendants. Federal jurisdiction is based on diversity of citizenship, federal question and the federal government's tax claim. See 28 U.S.C. §§ 1331, 1332, 1346. Plaintiff's claims against defendants are not before us. The district court granted summary judgment in plaintiff's favor on defendants' counterclaims and certified the case for appeal, pursuant to Fed. R. Civ. P. 54(b), leaving for later resolution the interpleader claims. Defendants appeal the district court's summary judgment on their counterclaims. Our jurisdiction arises from 28 U.S.C. § 1291.

We do not repeat the district court's recitation of the underlying facts. Briefly, E'ola entered into an agreement for distribution of its nutritional and beauty products with Gaius Kazen and Donna Kazen as part of a multilevel marketing system. Later, in 1996, the Kazens formed P.A.S.K., a corporate entity, and assigned their E'ola distributorship to it. The business relationship between plaintiff and defendants ended when E'ola terminated it, invoking the Policies and Procedures Manual and the Distributor Agreement between the parties. Defendants challenge the district court's rulings on their claims that E'ola breached the distributorship agreement and that they were otherwise damaged.

E'ola has filed a motion to dismiss the claims of Donna Kazen and P.A.S.K. on the ground that they have not filed briefs in this appeal, pursuant to Fed. R. App. P. 31(c). After the notice of appeal was filed by defendants' attorney, the attorney was granted leave to withdraw. The appellate briefs were signed only by Mr. Kazen, pro se. Mr. Kazen is not a licensed attorney. Therefore, he may not represent Donna Kazen or P.A.S.K. in this appeal. See Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993) (reiterating long-standing rule that "a corporation may appear in the federal courts only through licensed counsel"); cf. Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 474 (1982) (holding party can

assert only his own legal rights and cannot rest his claim on rights of others). The motion to dismiss the claims of Donna Kazen and P.A.S.K. is granted, although we note that the issues raised in Mr. Kazen's opening brief affect only him.

We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). There is no dispute that Utah state law controls the issues raised here based on diversity. We must reach the same conclusion the state's highest court would reach. Blanke v. Alexander, 152 F.3d 1224, 1228 (10th Cir. 1998). In applying Utah law, we afford no deference to the district court's legal rulings. See Salve Regina Coll. v. Russell, 499 U.S. 225, 238-39 (1991).

Mr. Kazen raises two issues on appeal: (1) E'ola placed undue hardship on him by unlawfully depriving him of his business, and (2) E'ola slandered him. [1]

---

[1] In his reply brief, Mr. Kazen attempts to include additional issues, in effect challenging all of the district court's holdings. We decline to address the expanded issues for two reasons: (1) we generally do not address matters raised for the first time in the reply brief, Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 724 (10th Cir. 1993), and (2) Mr. Kazen has not presented any argument or authority to support the expanded issues other than to reiterate his version of the

(continued...)

-4-

The undue hardship claim apparently is presented for the first time in this appeal so we do not address it. SEC v. Thomas, 965 F.2d 825, 827 (10th Cir. 1992) (party challenging judgment must provide references to record to carry burden of proving error); Rademacher v. Colo. Ass'n of Soil Conservation Dists. Med. Benefits Plan , 11 F.3d 1567, 1572 (10th Cir. 1993) (this court generally will not consider issue on appeal not raised in district court). Mr. Kazen's pro se status "does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan County , 32 F.3d 452, 455 (10th Cir. 1994) (citation omitted).

Moreover, Mr. Kazen has not presented any authority that Utah law recognizes a cause of action for undue hardship caused by unlawfully depriving one of his business. "Despite the liberal construction afforded pro se litigants, the court will not construct arguments or theories" for a pro se litigant. Drake v. City of Fort Collins , 927 F.2d 1156, 1159 (10th Cir. 1991) (citation omitted). To the extent his claim of undue hardship for lost business challenges the district court's ruling on his claim of intentional interference with prospective economic relations, we affirm that court's ruling for substantially the same reasons given in

---

[1](...continued)
underlying facts, Phillips v. Calhoun , 956 F.2d 949, 953-54 (10th Cir. 1992) (party must support argument with legal authority).

its December 7, 1998 memorandum opinion and order.  R. Vol. V, doc. 117, at 10-11.

Turning to Mr. Kazen's other issue, his slander claim is based on a letter dated November 12, 1996 from E'ola to its distributors.  The district court correctly characterized this claim as one for defamation and granted summary judgment in favor of E'ola.  We affirm the summary judgment for substantially the same reasons given by the district court.  Id. doc. 117, at 11-12.

The motion to dismiss the claims of Donna Kazen and P.A.S.K. is granted. The judgment of the United States District Court for the District of Utah is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Michael R. Murphy
Circuit Judge