**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 10 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JUSTIN HERWIG,

     Plaintiff-Appellant,

v.

LARRY G. MASSANARI, [*] Acting
Commissioner of Social Security
Administration,

     Defendant-Appellee.

No. 00-5219
(D.C. No. 99-C-682-J)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** [**]

---

Before **HENRY** , **PORFILIO** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]     On March 29, 2001, Larry G. Massanari became the Acting Commissioner of Social Security. In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Mr. Massanari is substituted for Kenneth S. Apfel as the appellee in this action.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Claimant Justin Herwig appeals the decision of the Commissioner of the Social Security Administration, made through an administrative law judge (ALJ), to deny his second claim for disability insurance benefits. Based on the testimony of a vocational expert, the ALJ determined at step five of the sequential evaluation process that there exist occupations in the regional or national economy in significant numbers which claimant can perform regardless of his impairments. On appeal, we review the record to determine whether the decision of the ALJ is supported by substantial evidence and to verify that the law was correctly applied. *Kepler v. Chater*, 68 F.3d 387, 388 (10th Cir. 1995). Applying this standard, we affirm.

Claimant filed an application for disability insurance benefits in July 1992. That application was denied initially and, on October 27, 1992, was denied upon reconsideration. Claimant did not seek judicial review. Claimant's insured status expired on December 31, 1996, meaning that claimant must establish disability between October 28, 1992 and December 31, 1996 in order to prevail.

Claimant, who was injured in a work-related accident, alleged disability due to back and neck pain. He underwent a lumbar spinal fusion in May 1992 and had neck surgery in December 1994. The instrumentation from the back surgery

was removed in July 1995. Claimant argues that the ALJ erred in setting an artificially high standard for the award of benefits, an argument which basically takes issue with the reasons advanced by the ALJ for his decision. Claimant also contends that his impairments were not considered in combination.

The ALJ discounted claimant's reports of disabling pain because of "the objective findings, or lack thereof." R. Vol. I, ALJ dec. at 4. Claimant points to numerous examples in the medical records to support his claim of disabling pain. We, however, are not empowered to reweigh the evidence or to substitute our judgment for that of the ALJ. *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000). As noted above, our task is only to review the record to ensure that the decision of the ALJ is supported by substantial evidence and that the law has been properly applied. *Id.* After such review, we are satisfied that substantial objective medical evidence exists to support the ALJ's determination that claimant can do the full range of light work subject to no more than occasional stooping or bending and no work around unprotected heights.

Bearing in mind that the relevant time-frame here is between October 28, 1992 and December 31, 1996, the record includes the following medical evidence. An opinion in November 1992 from claimant's treating physician stated that claimant could do light work. *See* R. Vol. II, at 397. A lumbar myelogram performed in June 1995 revealed "no evidence of a protruding disc or compromise

to the spinal canal or nerve roots. There is a wedge compression fracture at L1 of undetermined age but [this is] probably an older injury." *Id.* at 298. In September 1995, claimant's treating physician, noting that claimant had been offered a supervisory job with a railroad, agreed with claimant that he could probably do that job and released him from his care. [1] *See id.* at 309. In January 1996, Dr. LeRoy Young, D.O., stated that "this person's period of temporary total disability has long since ended and he may return to employment. He is in no further need of medical care or vocational rehabilitation." *Id.* at 342. The only evidence of a change in claimant's condition during 1996 are X-rays from January 1996 which show a "compression deformity of L1 by approximately 20% compared with previous films." *Id.* at 426. There is no evidence, however, that this change resulted in claimant's inability to perform light work.

Indeed, comments made by claimant to a vocational evaluator only three weeks before these abovementioned X-rays were taken indicates that claimant was not disabled. At that time, claimant reported that he could lift and carry up to twenty pounds, could sit for forty-five minutes, stand for thirty minutes, and walk one mile. In the same interview, claimant also stated that he did not want to participate in any work training programs because he was working as

---

[1] Claimant explains in his brief that he did not take this job when he learned that he would be required to substitute for absent employees, sometimes at a greater exertional level than he felt he was able to perform.

a self-employed taxidermist and stated that "he has been able to stay busy with his business." *Id.* at 333. Taxidermy is rated as medium work. United States Dep't of Labor, Dictionary of Occupational Titles, 199.261-010. While this statement was made a year before the expiration of claimant's insured status, there is no medical evidence in the record, other than the X-rays referred to above, to substantiate a change in claimant's condition during 1996, and certainly not one so severe as to render claimant unable to do light work.

Claimant's other points of error include the ALJ's reliance on his demeanor at the hearing, his alleged misinterpretation of the discrepancy between what claimant had reported to the vocational evaluator in December 1995 about his physical abilities and his testimony at the hearing, and his alleged error regarding claimant's use of pain medication. None of these issues, however, negates the presence of substantial evidence in the record supporting the ALJ's determination.

With regard to claimant's demeanor, the ALJ cited claimant's lack of discomfort at the hearing as evidence supporting his decision of non-disability. It is true that, where uncontroverted evidence corroborates the presence of genuine pain, an ALJ cannot reject that evidence on the basis of demeanor alone. *Teter v. Heckler*, 775 F.2d 1104, 1106 (10th Cir. 1985). Here, however, claimant's evidence of disability can hardly be described as uncontroverted. The ALJ's partial reliance on claimant's demeanor during the hearing did not render

his decision unsupported by substantial evidence. Instead, the demeanor evidence was a cumulative, or collateral matter and was not relied on conclusively to establish claimant's ability to work.

The same is true for the ALJ's reliance on claimant's "lack of medication for severe pain" as evidence of his non-disability. R. Vol. I, ALJ dec. at 4. While the evidence shows that claimant takes Lortab for pain management, Baclofen, a muscle relaxant, and, at the time of the hearing but not before the expiration of his insured status, was receiving lumbar epidural steroid injections, R. Vol. II, at 390, 396, the ALJ, again, did not rely on the supposed lack of medication alone to support his decision. Even though the ALJ's comment in his decision regarding claimant's lack of pain medication was incorrect, we note that, in his hypothetical to the vocational expert, the ALJ included the fact that claimant took medication for the relief of his symptoms. R. Vol. I, at 56. The misstatement in the written decision regarding pain medication does not render the ALJ's ultimate decision unsupported by substantial evidence.

As mentioned above, the ALJ discounted claimant's credibility because of a discrepancy between his testimony at the hearing and what he had previously reported to an employment evaluator regarding his physical capabilities. The Commissioner correctly notes that there is nothing in the record to account for the seemingly drastic decline in claimant's physical abilities between the dates

-6-

of the two statements.  Further, it is the province of the ALJ, not this court, to resolve ambiguities in the record.  *Tillery v. Schweiker*, 713 F.2d 601, 603 (10th Cir. 1983).

Claimant finally argues that the ALJ failed to evaluate his impairments in combination.  Because claimant did not raise this issue to the district court, he has waived it for purposes of appeal.  *Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994).  Claimant's submission of a summary of the medical evidence to the district court without accompanying argument is insufficient to raise the issue. *See Rademacher v. Colo. Ass'n of Soil Conservation Dists. Med. Benefits Plan*, 11 F.3d 1567, 1571 (10th Cir. 1993).  Nonetheless, we have reviewed this issue and, even if we were to consider it, we would find it without merit.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge